[Cite as *State v. Harrison*, 2024-Ohio-5016.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DARYL D. HARRISON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 JE 0009

---

Motion for "Judicial Notice"

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Remanded.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor and *Atty. Frank J. Bruzzese*, Assistant Prosecutor, for Plaintiff-Appellee

*Daryl D. Harrison*, Defendant-Appellant

Dated: October 10, 2024

---

**PER CURIAM.**

**{¶1}** Appellant Daryl D. Harrison filed a document titled "Judicial Notice" in regard to this Court's decision in *State v. Daryl Harrison*, 2020-Ohio-3624 (7th Dist.). For the reasons provided, the matter is remanded for a limited hearing to allow the trial court and the parties to ensure that Appellant's improper conviction for receiving stolen property is vacated in accordance with this Court's June 29, 2020 Opinion and Judgment Entry.

**{¶2}** In this highly unusual case, we vacated Appellant's sentence for receiving stolen property after finding that the state failed to present any evidence to demonstrate that Appellant knew the property was stolen. *Id.* at ¶ 98. Our Opinion and accompanying judgment entry specified that the sentence was to be vacated:

> Appellant's receiving stolen property conviction is reversed and vacated and the sentence that corresponds to this conviction is also hereby vacated. Costs to be taxed against the Appellee.
>
> A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

(*Id.* at ¶ 99.) Thus, Appellant is to serve no portion of that sentence. On review, nothing within the Jefferson County docket or the trial court folder suggests that Appellant's sentence has, in fact, been vacated in accordance with this Court's order. A similar review

Case No. 19 JE 0009

of the state's offender database shows that the sentence is still attached to Appellant's aggregate total and does not appear to have been vacated.

{¶3}   The state's response, which is mostly dedicated to procedural attacks, actually identifies the very problem.  While it is true that this Court ordered Appellant's sentence to be vacated, vacation of the sentence is not what Appellant seeks, here.  Instead, he correctly argues that this Court's order to vacate the sentence was not complied with by either the trial court or the state, whomever is tasked with ensuring that the sentence is vacated.

{¶4}   It appears from the state's response that the trial court and the state may have been confused by this Court's Opinion and entry.  The state believes the word "remand" must be present in order to enforce the order.  Regardless of how the motion is named or construed, it is readily apparent that Appellant seeks a remedy for the apparent failure to carry out this Court's order.

{¶5}   While the state is correct in that we ordered Appellant's sentence for receiving stolen property to be vacated, at this juncture, additional steps must be taken to ensure that Appellant does not serve time on that improper conviction.  Thus, we hereby remand the matter for a limited hearing to allow the trial court and the parties to take those steps necessary to ensure that Appellant's sentence for receiving stolen property is vacated and that Appellant serves no portion of that improper sentence.  Appellant is not entitled to make further arguments concerning any of his convictions or his sentence on those convictions at this hearing.  The scope of the remand is limited to correct the apparent failure to ensure compliance with this Court's prior order.

Case No. 19 JE 0009

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

[Cite as *State v. Harrison*, 2024-Ohio-5016.]